UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK JAMES MASON,

       Petitioner,

v.                             Case No.  8:11-cv-386-T-17MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.

_____

## ORDER

       This cause is before the Court on *pro se* prisoner Mark James Mason's 28 U.S.C.
§ 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence
entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review
of the record demonstrates that, for the following reasons, the petition must be denied.

### PROCEDURAL HISTORY

       Mason pleaded no contest to 51 counts of possession of child pornography on April
10, 2008. (Apx. A – Ex. 1: Judgment and Sentence dated April 10, 2008). He did not file
any authorized post-plea motion, such as a motion to withdraw plea, nor did he timely seek
an appeal of his conviction and sentence.  Mason did attempt to revive his case by filing
a Petition for Belated Appeal with the Second District Court of Appeal, Florida. (Apx. A –
Ex. 2: Petition for Belated Appeal dated December 4, 2008). Mason ultimately voluntarily
withdrew the petition. (Apx. A – Ex. 3: Order Granting Voluntary Dismissal of Petition for
Belated Appeal dated April 30, 2009).

## Rule 3.850 Motion for Postconviction Relief

On January 19, 2010, Mason filed a Motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging he was afforded ineffective assistance of counsel. (Apx. B – Ex. 1: Motion for Post Conviction Relief dated January 19, 2010).  In his 3.850 motion, Mason alleged counsel was ineffective for failing to file a motion to suppress the evidence found in his home. Further, Mason alleged his plea was involuntary based on counsel's failure to file the motion to suppress. Mason alleged that he would have prevailed on the motion, had one been filed, and therefore he was prejudiced by counsel's failure to seek suppression of the evidence.

On April 14, 2010 the postconviction court summarily denied Mason's motion. (Apx. B – Ex. 2: Order Denying Motion for Post Conviction Relief with Attachments dated April 14, 2010). The court found that counsel was not ineffective because, based on the police report and search warrant affidavit, Mason could not show the motion would have been meritorious. Similarly, Mason could not establish prejudice as a result of counsel's failure to file the motion.

On May 11, 2010, Mason appealed the summary denial of his postconviction motion. (Apx. B – Ex. 3: Notice of Appeal dated May 11, 2010). He alleged ineffective assistance of counsel in addition to a claim that the postconviction court erred in not permitting him to amend his motion. The state district court of appeal affirmed the summary denial of the postconviction motion on January 26, 2011. (Apx. B - Ex. 4: PCA case no. 2D10-2332 dated January 26, 2011). The mandate issued on February 22, 2011. (Apx. B – Ex. 5: Mandate case no. 2D10-2332 dated February 22, 2011).

**Petition for Habeas Corpus Relief Under 28 U.S.C. ' 2254**

On February 24, 2011, Mason filed the instant Petition for Writ of Habeas Corpus Relief pursuant to 28 U.S.C. § 2254. His allegations are identical to those raised in his state-court postconviction motion. That is, Mason alleges counsel was ineffective for failing to file a motion to suppress the evidence found in his home. Further, Mason alleges his plea was involuntary based on counsel's failure to file the motion to suppress. Mason alleges that he would have prevailed on the motion, had one been filed, and therefore he was prejudiced by counsel's failure to seek suppression of the evidence.

**THE PRESENT PETITION IS TIME BARRED UNDER 28 U.S.C. 2244(d)**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The United States Supreme Court defined "properly filed" within the meaning of the AEDPA. *See, Artuz v. Bennett*, 531 U.S. 4 (2000). The Court found that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* The Court identified as examples of these laws and rules

3

those which prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Hurley v. Moore*, 233 F.3d 1295, 1298, n. (11th Cir. 2000), citing, *Artuz*.

Florida law provides that a judgment is considered "final" upon the issuance of the mandate on direct appeal of the conviction. *See, Jones v. State*, 602 So. 2d 606, 607-08 (Fla. 1st DCA 1992). If the defendant does not appeal his or her conviction and sentence the conviction becomes final thirty days after rendition of the order of judgment of conviction and sentence. *See, Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal conviction or sentence, judgment of conviction and sentence become final when 30-day period for filing appeal expires). See also, Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal); See also, Fla. R. App. P. 9.110(b)(jurisdiction of the district court is invoked by filing a notice of appeal within thirty days of the rendition of the order being appealed.)

Moreover, Florida Rule of Criminal Procedure 3.850(b), governing postconviction relief motions, provides that, other than motions to vacate an illegal sentence, "no other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence became final in a non-capital case."

Even where a postconviction motion is timely-filed pursuant to Florida Rule of Criminal Procedure 3.850(b), if such filing occurs after the one-year limitation in § 2244(d) has lapsed, any subsequent federal petition for habeas corpus relief is time barred. *Tinker v. Moore*, 255 F. 3d 1331 (11th Cir. 2001). In *Tinker*, the mandate regarding the direct appeal of the petitioner's conviction was issued on February 14, 1997. On June 11, 1998, the petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal

Procedure 3.850(b). On February 9, 1999, the petitioner filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The United States District Court for the Southern District of Florida dismissed the petitioner's writ as untimely, holding the limitations period for filing the federal habeas petition in that case expired on February 13, 1998. The petitioner appealed arguing, among other things, his timely, "proper" filing of the postconviction motion tolled the AEDPA's limitations period. The Eleventh Circuit Court of Appeals affirmed the dismissal. 255 F. 3d at 1335. The court noted that the petitioner did not file his state motion until after § 2244(d)'s one-year limitations period had expired. Therefore, such filing cannot toll the limitations period because "there is no period remaining to be tolled." 255 F. 3d at 1333, quoting, *Webster v. Moore*, 119 F. 3d 1256, 1259 (11th Cir. 2000); *see also, Moore v. Crosby*, 321 F. 3d 1377 (11th Cir. 2003).

In *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), the Eleventh Circuit Court of Appeals held that under § 2244(d)(2), even "properly filed" state court petitions must be "pending" in order to toll the limitations period. The court held that a state petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. The court in *Webster* rejected the notion that such an application should reinitiate the tolling period, holding, "Section 2244(d) makes no such provision where the reason for reinitiation is creation of a new remedy under state law." *Id.*

Furthermore, the plain language of the statute supports the Respondent's position that this Petition is time-barred. The statute provides for tolling "[t]he time during which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). While a "properly filed" application for postconviction relief tolls the

statute of limitations, it does not reset or restart the statute of limitations once it has expired. The tolling provisions of 28 U.S.C. S 2244(d)(2) would not restart or revive the one-year limitations period if the one-year limitations period has expired.  Nor will the tolling provisions reset the limitations period back to a full year if part of the limitations period has expired. Instead, this section merely excludes the time a properly filed post conviction challenge is pending in the state courts from the calculation of the one-year statute of limitations period. *See e.g., Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999)(tolling the statute of limitations from the time petitioner filed his state postconviction petition in Alabama circuit court until the time the Alabama Supreme Court denied certiorari), *cert. denied,* 528 U.S. 1085 (2000).

Mason's petition is untimely. He filed his state postconviction motion more than one year after his judgment and sentence became final on May 10, 2008. Mason did not file any post-plea or postconviction collateral motions that would toll the AEDPA time limitation.

## Mason's Reply

Mason concedes that his petition is untimely.   However, he contends that he is actually and factually innocent because the search and seizure during which time the child pornography was found was illegal.

Mason has not shown that this Court's failure to reach the merits of his habeas claims will result in a  fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).   The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson,* 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478,  495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs

"in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324.  This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

Mason has not met this standard.

Accordingly, the Court orders:

That Mason's petition is denied.  The Clerk is directed to enter judgment against Mason and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because

Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 23, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Mark James Mason